[Civ. No. S. C. 16.    Second Appellate District, Division One.—April 16, 1937.]

PACIFIC MORTGAGE GUARANTY COMPANY (a Corporation), Respondent, v. JACOB ROSOFF et al., Defendants; ISIDOR CARROLL, Appellant.

Jerome H. Kann for Appellant.

Shattuck, Davis & Story for Respondent.

SHINN, J., *pro tem.*—Plaintiff prevailed in this action to enjoin defendants from removing certain wall beds, linoleum and curtain rods from an apartment building, the finding of the court being that the articles were fixtures and subject to the lien of plaintiff's trust deed on the real property. Defendants Jacob and Mary Rosoff, owners of the property, consented to the injunction. Defendant Carroll, contractor for the building, resisted the injunction, claiming that he had furnished the wall beds, linoleum and curtain rods to defendants Rosoff and installed them in the building under an agreement reserving title in himself until they were paid for. He claimed the right to remove them because of the purchasers' failure to pay, and he alone appeals from the judgment.

Defendants Rosoff borrowed from plaintiff $90,000, for use in the construction of an addition to their building, and gave their note and trust deed for the amount. The original specifications did not call for the beds, linoleum or curtain rods, but by amended specifications, agreed to by the Rosoffs and plaintiff, and on file with plaintiff before construction was commenced, and during the time it was under way, these additional articles were called for as a part of the construction. Defendant Carroll contracted with the Rosoffs to construct the building according to plans and specifications on file with plaintiff. The court found that the property in question was attached to the real property, was a part of the consideration for the making of the loan, and was required by plaintiff as a part of the security under the deed of trust. It was also found that the removal of the property would impair plaintiff's security and cause it to suffer great and irreparable injury.

In support of his argument for reversal, appellant urges the following: that the articles were not fixtures; that he had no knowledge that the property in question was included in the specifications for the construction of the building; that he furnished the same to defendants Rosoff under an oral

conditional sales contract, of which plaintiff had sufficient notice to put it on inquiry as to the terms of the sale, and that as the Rosoffs did not pay him for the beds, etc., he therefore had the right to remove them.

■ That the property was permanently attached to the building admits of no doubt. Although it was held in *Southern Cal. H. & M. Co.* v. *Borton,* 46 Cal. App. 524 at 530 [189 Pac. 1022] (opinion of the Supreme Court in denying a hearing) that wall beds attached as the ones in question here were, by means of brackets or plates screwed to the building, retained the character of personal property, the case was one in which there was no evidence of an intention to attach them permanently to the building. Wall beds were held to be fixtures in the case of *Broadway Improvement & Investment Co.* v. *Tumansky,* 2 Cal. (2d) 465 [41 Pac. (2d) 553], where, as here, the owner had placed them in a building constructed with the proceeds of a building loan and with the intention that they should become a part of the building, and of the realty which stood as security for the loan. The linoleum in question was cemented to the floors and the curtain rods were screwed to the walls. These methods of attachment were sufficient to make the articles fixtures where there was a clear intention to affix them permanently and their removal would impair the security of the encumbrancer. (Civ. Code, sec. 660; *Dauch* v. *Ginsburg,* 214 Cal. 540 [6 Pac. (2d) 952]; *Hammel R. Corp.* v. *Mortgage Guaranty Co.,* 129 Cal. App. 468 [18 Pac. (2d) 993].)

■ Appellant's contention that he had no knowledge of the agreement between the Rosoffs and the Mortgage Company is without merit. He was present when the loan was negotiated. He was the contractor who constructed the building. He agreed with the Rosoffs that he would construct it according to specifications on file with the Mortgage Company. The specifications, including the amendments, which called for the installation of the articles in question, were with the Mortgage Company available for his inspection. He was not misled by any act or statement of the Mortgage Company with reference thereto. If he did not know what had been specified, his ignorance was due to his negligence. If he had made inquiry he would have learned not only that the articles in question were specified as a permanent part of the building, but also that the specifications provided that

no fixtures or materials were to be used which had been purchased under contract reserving title in the seller.

The judgment must be affirmed upon the authority of the cases we have cited.  An additional ground for affirmance, if one were needed, is that appellant did not plead any title to or right of possession of the property, and the court made no finding that he had sold the property under a conditional sales contract, or that he had any interest in it. Had the judgment in the court below been in favor of defendant Carroll it would have been without support in the pleadings, the proof or the findings.

The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.